All right, Ms. Rosenbaum, thank you. Thank you. May it please the Court, Adina Rosenbaum for Appellant David Hooks. After Mr. Hooks brought this case, Landmark made him an offer of judgment that he did not accept, and that was then withdrawn, both under its own terms and the terms of Rule 68. Mr. Hooks has received no relief in this case. The question here is whether, even though the Rule 68 offer was withdrawn, and even though he has received no relief, the offer rendered his individual claim and the entire action moot. It did not for three reasons. First— The time isn't running. Is this a point that we can still ride on, or are we foreclosed by prior precedent? I mean, in other words, does our prior precedent, right or wrong, bind us to a ruling against you? I think the prior precedent supports us in this case. Just to begin with, just six months ago in Mabry v. Hometown Bank, the Court— Okay, Mabry was withdrawn. It was after the party's— What about Krim? What about Krim? Yeah. Which part? Well, doesn't Krim suggest that it is mooted once there is an offer made, offer of judgment made? No. And I think there's a bunch of sort of three different reasons why the offer doesn't moot the case here. I'm asking not just in general. If this is a completely blank slate, then we can argue what the rule says and all this. But if it's not, if we're bound by precedent, then it doesn't matter whether the prior precedent was well considered, unless it's been overruled by en banc or U.S. Supreme Court. So that's what I'm trying to get at right now. If we're not bound by any prior precedent to rule for or against you, then you can make whatever arguments you want on policy and what the rule says and all that. Well, on the issue of whether an unaccepted offer moots a claim or ever moots a claim, I don't think there's binding precedent on that. The district court relied on Sandoz v. Singular Wireless. But the issue in that case was whether an offer of judgment moots a Fair Labor Standards Act collective action. No party in that case argued that an unaccepted offer did not moot an individual claim. And that was not the holding of the case. The holding was about the Relation Back Doctrine and FLSA actions. And that holding has been overruled by the Supreme Court in Genesis Healthcare. Since then, in Payne v. Progressive Financial Services, this court stated that it wasn't reaching the question of whether an unaccepted offer could moot a claim because it found that the offer in that case was incomplete. But by stating that it wasn't reaching the issue, it indicated that it believed that that issue was still an open one in this circuit. And now that that issue is squarely presented in this case, we think that the court should hold that an unaccepted offer cannot moot a claim because it is just a rejected settlement offer that doesn't change the legal relationship between the parties, except that it can be used at the end of the case in a proceeding to determine costs. And the Supreme Court has stated three times in the last three years that a case is only moot if the court can no longer grant effectual relief. And here, nothing prevented the district court from being able to grant any effectual relief in this case. The offer itself didn't prevent the court from being able to grant any relief. The offer actually offered that the court grant relief. That was what it was offering. And the withdrawal of the offer also did not prevent the court from being able to grant relief. Once it was withdrawn, it just meant that the offer was off the table. Once the offer expired, the relationship between the parties went back exactly the way it was before. Mr. Hooks still had his full claim. The defendants still had all of its defenses. No one had ruled on the claim or defenses. Mr. Hooks had received no relief, and Landmark was under no obligation to provide it with any relief. The full case was still in front of the parties, and the court could still grant full relief. And I just want to underscore here that Mr. Hooks has received no relief in this case. So Landmark argues that he no longer has a personal stake in the action, but he still has the entire personal stake that he had at the beginning of the case. And because of that and because the court can still grant relief, which is the test for mootness, the case is not moot. Let me just ask you this. Let's suppose we didn't have the class action and we didn't have any basis for attorney's fees or anything else. We should have a guy that says, I'm entitled to $1,000. He files a lawsuit for $1,000. And the defendant walks into court and says, here's 10 $100 bills. And he goes, no, I want my trial. I want to be able to cross-examine you on the stand. I want the press here. I want the world to see that you owe me $1,000. I'm like, great. Here's your $1,000. I got other things to do. Here's your $1,000. Can the case continue at that point? I think the district court in an individual case would have discretion to enter judgment on that case if the defendant gave up on all of the issues. But that wouldn't be an issue of mootness. The case wouldn't be moot. The court would have discretion to resolve the case on the merits and order that the relief be given to the plaintiff that has been offered by the defendant. But that wouldn't be a question of the court not having subject matter jurisdiction over the case anymore. It would be that essentially in that situation the defendant would have defaulted and given up. No, I mean, I fought my answer. And I still say I don't owe it to you, but I just got better things to do. So here's your $1,000. I mean, I just don't feel like sitting through a trial for $1,000. My time is worth more than that. Here's your $1,000. I'm not confessing judgment. I'm not agreeing I did anything wrong. I'm just saying I'm buying my peace, so to speak. You say I owe you $1,000. Here's your $1,000. Go away. I think a court, if the defendant offers to have judgment taken against it for all relief, could enter judgment in an individual action. But I don't think that's a question of mootness. I think that's a question of resolving the case on the merits. And I think it's a different matter in a class action. Okay, one more hypo. We get this in injunctions a lot, or situations where somebody is seeking something other than money. I want my kid to go to XYZ Elementary, and the school won't let him in. And now all of a sudden they say, okay, Johnny can come in, and he's in. Now the case is going to get dismissed for mootness because there isn't any controversy anymore. The kid is at XYZ Elementary. Right, and then there's doctors. That's, I think, where these mootness cases come from is you're asking for something. Well, now you got it, so there's nothing left to be done. Well, and, of course, he did not receive anything. An offer was made to him, and he did not accept it. And then the offer was withdrawn, and full relief could still be granted to him. So this is not a case where he has received everything that he asked for in the complaint. He has actually received nothing, and the offer did not provide him with anything, and the full case is still ahead of the parties, and because of that it's not moot. There's two additional reasons why this case is not moot. Second, because the offer here was not, in fact, an offer of complete relief. The offer— Did you raise this in the district court? The fact that it's an offer post the argument over attorney's fees, attorney's fees? No, we did not specifically make this argument, but our argument in the district court all along was that the offer here did not render the claim or the action moot, and this is a variation, another reason why it did not moot the action. And the offer here envisioned that there would be further litigation over attorney's fees. It offered—if the parties could not agree on attorney's fees, but it cut off when attorney's fees could be awarded at the date of acceptance of the offer. Reasonable attorney's fees, though, generally includes time after the acceptance, including fees for litigating the fees issue. And holding that in an offer like this mooted a plaintiff's claim would really put plaintiffs like Mr. Herx in a catch-22. Either they would have to waive the right to fees to which they were entitled or face having their case dismissed as moot on the ground that they had been offered everything they were entitled, when, in fact, they haven't. And when plaintiffs have to waive some of their rights in order to accept the offer, I think that really underscores that the offer in that case is not a complete one. And finally, the third reason this case isn't moot is because it was brought as a class action. And this court held in Maybury last November under identical circumstances. That was also a case about an on-machine—the lack of an on-machine notice under EFTA, and with a Rule 68 offer made before the plaintiff moved for class certification. The court held in that case that the offer did not moot the case because of their relation-back doctrine, under which the certification relates back to the date of the filing of the complaint. And the court also in that case stated that the relation-back doctrine, which has been recognized by this court in cases such as Zeidman v. J. Ray McDermott & Company, that that doctrine was not overruled by Genesis Healthcare. Maybury has been withdrawn by this court after the party to that case jointly moved to dismiss the appeal, but its reasoning still applies here. And since Maybury in Fontenot, the court specifically stated that Maybury fell squarely within the relation-back doctrine and did not involve any extensions to mootness. So even though it's been withdrawn, we think it has been recognized by this court as being squarely within this court's doctrine on the relation-back doctrine. The class action allegations in this case also provide an additional reason why this case is not moot. The Supreme Court has recognized that named plaintiffs in class actions can have a personal stake in the class allegations, even if their individual claims have been moot. And under the circumstances in which Mr. Hooks turned down an offer of judgment and kept his interests aligned with those of the class, he maintains a sufficient personal stake in the class allegations in order for his case to be allowed to proceed and for Article III jurisdiction to apply. And again, Genesis doesn't change that. Genesis involved a Fair Labor Standards Act collective action in which the named plaintiff doesn't represent a class until absent class members affirmatively opt in, and therefore the named plaintiff in a collective action does not have the sort of personal stake in the class allegations that the named plaintiff in a class action does. Holding that a case is moot under circumstances like these would be contrary to judicial administration, as the Supreme Court recognized in Roper. Defendants would essentially be able to opt out of the class action mechanism if they could unilaterally pick off named plaintiffs and keep the case from ever reaching certification. And that would be particularly problematic to plaintiffs who had small claims because they wouldn't be able to aggregate their claims together and bring them as a class, which is one of the purposes of class actions. And it would be contrary to Congress's intent in EFTA, which specifically envisions that cases can be brought as class actions. Allowing defendants to unilaterally moot cases in this way would also create problems for district courts' administration of class actions. Plaintiffs would rush to file class certification motions, trying to get them in and decided as quickly as possible, and defendants would likewise rush to file their Rule 68 offers. And overall, district courts would be deprived of the ability to really manage the case in front of them and to set deadlines by which all of the events in the case happen. And this case is a perfect example of that. Here, Mr. Hooks filed his motion for class certification according to the schedule set forth by the district court, which governed various events in the case. And neither the magistrate judge in recommending that the class be certified or the district court in actually certifying the class filed the motion for class certification, but because the Rule 68 offer came first, Landmark is arguing that the case is moot. But it would be very hard for district courts to be able to set the deadlines in cases if defendants could come in and unilaterally moot cases at the very beginning just by filing Rule 68 offers. And in cases where they did successfully pick off the named plaintiffs, the court would have the possibility of being faced with successive suits on the same issue against the same defendant by successive class members. And there can be thousands of absent class members, sometimes even millions in cases, so there could end up being very many cases on the same issue. But, of course, the flip side is that many absent class members would not file their own cases and their rights would go unvindicated. Fortunately, mootness principles don't require that result, and we think this Court should hold that an unaccepted offer of judgment made before the motion to certify the class does not moot either the individual claim or the class action. Unless there are any further questions, I will reserve the rest of my time for rebuttal. All right. Thank you. Thank you. All right. Mr. Reeves. Matt Reeves for Landmark. May it please the Court. Let me just skip past the first few pages of my carefully prepared notes and just begin by answering Judge Haynes's question. There is prior precedent on this. Any party that's been offered a full satisfaction on his claim, if he refuses it, then that case becomes moot. And what holds that as opposed to everybody agreed that was the case and they were dealing with some collateral issue? I mean, there seems to be a lot of cases kind of talking around this where everybody agrees the individual claims are moot, but what about the class and what about this and what about that? I want something where the Court actually held in the face of adversarial arguments that it was mooted by the unaccepted Rule 68 offer. Do you have that? The cases I could come to that come to mind right now would be the Krim case, would be Sandoz, a case. Now, I know that's one where maybe it wasn't contested, but certainly it stands. It wasn't really contested in Krim either. And then there's also the Zeidman case. Zeidman, it was not a Rule 68 offer, but the point here is not whether it's under Rule 68 or not. Well, actually, I don't know. I keep thinking about textualism as it might apply to a rule, as there might be some judges in the world who think that's important, and it doesn't seem like there's anything in Rule 68 whatsoever that suggests anything becomes moot if you make an offer and it's refused. It says an unaccepted offer is considered withdrawn. That doesn't sound to me like, wow, at this moment of the unaccepted offer, the case ends, and, you know, it would seem like the authors of the rule understand the concept of mootness, et cetera, and I'm not seeing that anywhere in the text of Rule 68. Well, I think the focus should not be on the text of Rule 68 itself. Remember, Rule 68 is meant to apply to a lot of situations where there won't be a complete offer, for example, a copyright case. You know, you sue me for copyright infringement. I make a calculation of what I think your damages would be, and then I can invoke Rule 68, right, to kind of put some pressure on you to maybe settle this case rather than to go litigate it. But all that happens there is sort of a situation where the costs get flipped. Well, why couldn't it say an unaccepted offer if for the full amount ends the case, but if not for the full amount sought, is considered withdrawn and blah, blah, blah, and about the cost, so that you would then deal with, I mean, you have cases where it's unliquidated damages, you're in a car accident or something like that, and I don't know what it's worth, so I offer you $50,000, you think it's worth $3 million, you go to trial and get $40,000, well, then Rule 68's in place. Nobody would claim that's moot at the time the offer is not accepted. But in a case where you're offering, let's say that it was full satisfaction, that would seem to be within Rule 68. Your argument is Rule 68 has the effect then of mooting the claim. That's the whole case. I mean, you're saying don't look at the rule? The rule's the whole case, your whole case. I'm not saying... You don't win under Rule 68, you don't win on this point. Well, I'm not saying don't look at the rule. The principle is not whether it was under Rule 68. The question is whether the plaintiff was tendered a complete offer of relief. That's the issue. And the case that I would say is best on that point is a district court case. Judge Sparks was Masters v. Wells Fargo, I believe, and he addresses this issue. And he points out, and I think he cites authority in there. I don't have it right now, but that case is certainly cited in our brief, where the issue is not that it was made under Rule 68. The issue is the plaintiff was offered relief of everything he could have gotten at a trial in the merits. It goes back to the question that you asked. Somebody sues you for $1,000, and you lay out $1,000 on the table, and they say, No, I don't want that. What I want to do is sue you. What I want to do is depose you. What I want to do is run you through in your area, because that's my litigation strategy. You can't do that. And a plaintiff that does not accept a tender of complete relief loses outright. That's the rule. And this case that you think sits at best is Crim, Sandoz, and Zideman? Crim, Sandoz, and Zideman. I would cite the court to Masters v. Well, which is a district court case, but it also deals with the issue. And it cites some additional authority, I believe, out of the Seventh Circuit and the Third Circuit, which I know is not binding precedent on this court, but it is a case of that law that's been cited in the past. So is your argument there's no difference between an unaccepted settlement offer and an unaccepted Rule 68 offer? There's no difference? Is that what you're relying on? I would say that's correct, Your Honor. I mean, Rule 68 is just a mechanism by which you can make an offer, but you don't have to. The same offer could have been made by simply sending him a letter saying, forget Rule 68, but we're going to pay you everything you could get at trial. Sign here. Now, in this case, it was made under Rule 68, but it didn't have to be. And, again, I would point the court to the reasoning, and I think it's Masters v. Wells Fargo. The slide is in our brief. So this is a case that this court has written on in the past repeatedly, and many district courts out of certainly Texas, at least, have written on it and come to the same conclusion. So I guess the next point I'd like to address is the issue about whether the offer was complete. And as I think Judge Haynes has already noted, that issue was not raised at the lower court, and it's waived. First off, we would dispute that the offer was not complete anyways, just on its face. We believe it offered everything that the plaintiff was entitled to, but if it wasn't raised before the district court. It's not the argument that Mr. Hooks is still sitting here with no relief at all. My hypo about the $1,000, I'm walking into court with 10 $100 bills to hand over, here, I mean, Mr. Hooks apparently doesn't have anything at this point. So how can we say that he's received complete relief when he hasn't received anything? Well, I think the rule on that, Your Honor, is that it's not measured. The mootness is not measured by what he did receive. It's measured by what he could have received had he accepted it. Well, but then that's why your argument is completely contrary to Rule 68, which says an unaccepted offer is considered withdrawn. You're saying an unaccepted offer moots your case and you lose everything. You don't even get the $1,000. Your argument is really that we affirm and he goes hence without day, so to speak. He doesn't even get the $1,000 or anything else, attorney's fees or anything else that was offered. That's just nowhere in this rule. That's the thing that bothers me. He hasn't received the relief. He's been offered relief, and he refused it, and now it's withdrawn, therefore, by operation of this rule. So what's left? What's left is if you're offered complete relief and you walk away from it, then you lose outright. That's the rule in the Fifth Circuit. Other courts have addressed it. That's a little murky to me that that's what these cases are saying. They don't say it quite that way. If they said it exactly as you did, I'm down by it. Fine, I'd maybe concur in my own opinion and say we should take this on bonk or something. But we haven't said that in so many words. We've kind of had the, you know, well, they concede this, and we're talking about that, and we haven't said that if you get no relief at all, your case is still moot. Even though Mr. Hooks has nothing in his pocket at all, his case is moot. It's funny to me. It may seem funny. And other cases have dealt with it in different ways. In the Sixth Circuit, for example, they've considered this issue, and I think this case law is also cited in the brief. It's not binding, obviously. It's the Sixth Circuit. But it said we believe the better rule would be that in a case like this that the court just orders entry of the offer that's being made to the plaintiff and then dismisses the case. But that's not the rule here, right? And the rule in the Seventh Circuit, which is the one that's cited at least in Masters v. Wells, is that a plaintiff that doesn't accept it loses outright. And that's the rule that exists in the Fifth Circuit. If Mr. Hooks didn't get anything, it isn't the fault in any way of Landmark. It's a self-inflicted wound by Mr. Hooks, who deliberately, as a litigation strategy, decided not to take everything he could have gotten at trial. That's a waste of judicial resources. It's a waste of time and money on both sides of the V. And that's why this rule should stay what it is. So let me just ask you if we conclude that there isn't binding prior precedent on this and so we are somewhat riding on a blank slate. And I know you disagree with that, but let's say that is the case. And what's your answer to this idea about the small claims? I just remember a long time ago a case against an insurance company for double rounding. It had to do with pennies. So, like, literally each insured suffered about a half-cent injury. But, of course, when you multiply that across millions, it became a large number. And that was what the case was about. Obviously, if you can offer the plaintiff, you know, half a cent, maybe round up to a cent in the spirit of things, then you're going to do that, and then you can start picking off these plaintiffs. And this whole issue of whether the insurance company ought to be double rounding or not is never going to come to the fore, which is contrary to the whole principle of class actions, which is, I mean, if I have some $3 million claim, I don't need a class action. I'll just bring my own case. But if I have a 3-cent claim, that 3 cents is still a lot of profit to you, and you shouldn't be getting it from me, again, assuming that it's wrongful. Does this not just eliminate the whole class action remedy for small claims? It does not. And I would point the court to its recent decision in Fontenot v. McCraw on that, where this court has already dealt with that very issue. Now, it wasn't exactly in this context, but what the court there said was there's no reason to extend exceptions to the mootness doctrine. And, again, let me just step back for one second. This case is really just an example of the law of mootness in class actions. You know, his case was moot before he moved to certify for a class action. The court in the Fontenot case addressed the issue and said, if you can avoid mootness by using means that are available to you under the rules of civil procedure, you've got to do that instead of looking for exceptions to the rule. And that's what this case is really all about, an exception to the rule. And one of the things that the Fontenot court specifically said was that a plaintiff only needs to move for a class certification before his case becomes moot, which could even include moving at the time he files his complaint. So in this case, Mr. Hooks filed his lawsuit in January of 2012. He did not receive the offer of full satisfaction until I think it was June of 2012. So he had five months in which he could have moved for certification and avoided mootness. But not only did he not move for certification, but he knew that that offer of judgment was going to moot his case, his individual case. So to avoid it, rather than move for certification, he moved to strike ten days after he received the offer of judgment. And that motion to strike was denied as meritless by the district court, and that has not been appealed. So Mr. Hooks knew all along that this was a possibility and made an attempt, but a futile one, to avoid it. So this is certainly not the record for the court to change the law on this subject. So I think I would take exception with a couple other things that maybe counsel said. We disagree with the assertion that Haynes, the case in Haynes, stated that it was an open question in the Fifth Circuit. We think it's resolved. I think if you look at that decision, it was just a footnote that made a mention in passing that it didn't need to reach the issue of whether an offer mooted or not because, you know, in that case, the offer was not complete. So that does not stand for the proposition that it's an open question in the Fifth Circuit. And with that, Your Honor, unless there's any further questions, we would stand on our briefing on the issue. All right. All right. Thank you, Mr. Reese. Back to you, Ms. Rosenbaum. Why didn't y'all move for class certification sooner? We moved for class certification according to the schedule set forth by the district court. The district court didn't prevent you from filing earlier. It just gave you a deadline. Yes, and there was discovery happening up until then. Why can't you file a motion and then you amend the motion if you need to or you put on evidence in support of the motion later but you file the motion? You know, my client was waiting until he could file a class certification supported by evidence and with full briefing and was following the deadline set forth by the district court. And under this, he did file a motion to strike out of an abundance of caution, but also under this court's present on the issue and the relation back doctrine, any certification would relate back to the date of the filing of the complaint. And this court had applied the relation back doctrine in cases, including where the Rule 68 offer had not been filed at the time. I'm sorry. The classification motion had not been filed at the time. The Rule 68. Well, it had held that in Sandoz, and Sandoz, of course, involved in FLSA collective action, so that aspect of it is no longer good law. But that was a case where the relation back doctrine was applied even though no Rule 68 offer, even though no class certification motion had been applied. In fact, that was nine months. Nine months, I believe, had passed or something around there had passed since the Rule 68 offer and there had still been no motion, whereas here, within a few months, and according to the schedule set forth by the court, the classification motion was filed. And I do want to, again, note that none of these cases that we're talking about have held that an unaccepted offer can moot a claim. They state it in the course of holding other things, but don't address that as their holding directly. And in that sense, this case is like the Ninth Circuit's discussion in Pitts v. Terrible, Herbst, Inc. and Diaz, where in Pitts, the Ninth Circuit stated that an unaccepted offer could moot a claim in the course of holding that the relation back doctrine applied. But then in Diaz, where the court was faced directly with the question of whether an unaccepted offer could moot a claim, it said that what it had stated in Pitts, that it had assumed the issue without deciding it, and once it addressed the issue directly, it held that an unaccepted offer cannot moot a claim, explaining that that best comported with the language and structure of Rule 68 and with mootness principles, with fundamental mootness principles. And on the topic of those principles, I would note that although my colleague says that this is the rule in the Fifth Circuit that an unaccepted offer can moot a claim, he never explains how that comports with the constitutional concepts of mootness, under which a case is not moot if the court can still grant relief. And here, nothing has happened that has kept the court from granting relief. He could have helped the folks before on forfeiture. He's essentially saying that it's a forfeiture. By virtue of not accepting the offer, you forfeit all relief, because he's agreeing your claim doesn't have any relief, and he's saying that's fine, and he ain't going to get any, because he should have accepted my offer. That's his argument. But that's not the standard for mootness. The standard for mootness has to do with whether the court can still grant effectual relief, and here, the court can still grant relief. That's what was offered. If it were true then, unaccepted, that an offer of judgment mooted a claim, the court actually wouldn't be able to enter offer on an offer of judgment, because as soon as the offer was made, then nothing would be at stake, and the case would be mooted, and it would have to be dismissed. The very fact that the offer contemplates that judgment could be entered on it recognizes that making an offer doesn't moot a claim. It's an offer that the case be resolved. It doesn't actually resolve the case. Both the Eleventh Circuit and the Ninth Circuit have held over the past few years that an unaccepted offer does not moot a claim relying on Justice Kagan's dissent on that issue in Genesis Healthcare, which the majority in that case did not reach it, but Justice Kagan's dissent explains why an unaccepted offer cannot moot a claim. When you're relying on people's dissents, it's a different kind of argument. I'm not relying on the dissent as binding. I'm relying on the dissent as persuasively showing why, under mootness principles, an unaccepted offer cannot moot a claim. By definition, they don't care today as wonderfully as they may be articulated. Some of us wish they did, but they don't. That's why they call it a dissent. All right. Thank you.